IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVONTE MD KING,<br><br>Plaintiff,<br><br>vs.<br><br>KENDELL ALLISON, NORTH PLATTE POLICE DEPARTMENT, and J. ERICKSON,<br><br>Defendants. | 4:21CV3052<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff is suing the North Platte Police Department and two of its officers for allegedly violating his constitutional rights by stopping his vehicle, issuing a traffic citation, placing him under arrest, and conducting a search of the vehicle.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The North Platte Police Department is not a proper defendant, and must be dismissed from the action.[1] *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81,

---

[1] The court will give Plaintiff leave to file an amended complaint, in which the City of North Platte may be named as a defendant, but in order to state a claim against the City, it must be shown that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the

82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law). Plaintiff indicates the two police officers, Kendell Allison and J. Erickson, are being sued in their individual capacities only.

From an attachment to the Complaint, it appears Officer Allison issued a citation to Plaintiff on February 25, 2021, for not having a valid vehicle registration, proof of insurance, or a driver's license on his person. (Filing 1, p. 11.)[2] Plaintiff alleges that Officer Allison "deprived i man [*sic*] of the right to property and the right to enjoy life and liberty" and "extorted i man [*sic*] with jail or traffic ticket." (Filing 1, p. 9.) Plaintiff cites the First and Fourteenth Amendments, and 18 U.S.C. § 241. There is no private right of action under 18 U.S.C. § 241, which is a criminal statute. *See United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998); *Carter v. Muldoon*, No. 8:17CV319, 2018 WL 2049841, at *4 (D. Neb. May 1, 2018). Plaintiff's allegations fail to show that the traffic stop deprived him of a right

---

governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

[2] Another attachment concerns a December 4, 2020 traffic stop of a vehicle that was operated by Plaintiff's wife. (Filing 1, pp. 7-9.) That incident was the subject of a separate lawsuit filed by Plaintiff and his wife, which was dismissed on March 12, 2021, when the court granted summary judgment in favor of the defendants. See *Kayla Patrice Reed and Devonte Michael Deshwan King v. Gary Hovey, Matthew Proehl, and North Platte Police Department*, Case No. 4:20-CV-3151. Officers Allison and Erickson were not involved in that incident.

protected by the First Amendment.[3] Plaintiff's Fourteenth Amendment[4] claim presumably is based on a misguided belief, which he has advanced in other cases filed in this court, that motor vehicle registration and licensing laws do not apply to him as a "sovereign citizen." *See King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307, at *2 (D. Neb. Apr. 7, 2021) (dismissing claims as frivolous); *see also Reed v. Hovey*, No. 4:20-CV-3151, 2021 WL 949612, at *2-3 & n. 2 (D. Neb. Mar. 12, 2021) (rejecting theory that a non-commercial motor vehicle need not be registered and that the driver of a non-commercial vehicle need not be licensed). In any event, the court finds nothing in Plaintiff's Complaint, even liberally construed, to support a Fourteenth Amendment claim against the named defendants.[5]

Plaintiff also alleges that Officer Allison "unlawfully searched my automobile [even though] he clearly understood and saw the no trespassing and private property

---

[3] The First Amendment, which is made applicable to the states through the Due Process Clause of the Fourteenth Amendment, states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

[4] The Fourteenth Amendment provides in part: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[5] Plaintiff falsely states: "The Supreme Court has determined: All codes, rules and regulations are for government authorities only, not humans in accordance with God'' laws. All codes, rules and regulations are unconstitutional and lacking due process. *Rodrigues v Ray Donavan* 769 R 2d 1344, 1348 (1985)." This supposed Supreme Court pronouncement, which circulates regularly among tax protestors and other "sovereign citizens," is a complete fabrication. *Rodrigues* (correct citation, 769 F.2d 1344 (9th Cir. 1985)) is actually a Ninth Circuit decision which simply held that the Federal Employees Compensation Act does not require exhaustion of administrative remedies as a prerequisite to a district court's jurisdiction. The Court of Appeals' opinion contains no language which even approximates what Plaintiff has quoted, and the Supreme Court has never made such a statement, either.

signs[6] all in violation of the constitution to extort me…. Kendell Allison deprived i man [*sic*] of the right to be secure under the 4th amendment[.] Mr. Kendell activated his lights as if there was an emergency [and I] pulled over[.]… [After I] explained to the man … that [I] had been exercising my right to go from point a to point b … [and that] my automobile is private property he began to trespass, place [me] under arrest and unlawfully searched my property, persons, papers and effects." (Filing 1, pp. 9-10.)

A traffic stop is reasonable under the Fourth Amendment if it is supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred. *United States v. Herrera-Gonzalez*, 474 F.3d 1105, 1109 (8th Cir. 2007). And once a lawful traffic stop is made, a law enforcement officer may request the driver's license and registration, request that the driver step out of the vehicle, request that the driver wait in the patrol car, conduct computer inquiries to determine the validity of the license and registration, conduct computer searches to investigate the driver's criminal history and to determine if the driver has outstanding warrants, and make inquiries as to the motorist's destination and purpose. *Reed*, 2021 WL 949612, at *3 (D. Neb. Mar. 12, 2021) (citing cases). After that, the Fourth Amendment permits a law enforcement officer to make a warrantless arrest if he has probable cause to believe the arrestee has committed an offense— even a minor offense. *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1105-06 (8th Cir. 2004); *see also Reed*, 2021 WL 949612, at *3 (under Nebraska law, a law enforcement officer having grounds for an arrest may take the accused into custody when the accused refuses to sign the citation). Once police have arrested a vehicle's occupant, police may take protective custody of the vehicle. *United States v. Petty*, 367 F.3d 1009, 1012 (8th Cir. 2004). Armed with probable cause, law enforcement "may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody." *United States v. Bettis*, 946 F.3d 1024, 1030 (8th Cir. 2020) (quoting *Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (per curiam)). Police may also "inventory the contents of a lawfully impounded vehicle without a warrant or

---

[6] Photographs attached to the Complaint show that "Private Property" and "No Trespassing" signs were displayed on the front and rear of Plaintiff's vehicle. (Filing 1, pp. 14-15.)

5

probable cause." *United States v. Dunn*, 928 F.3d 688, 692 (8th Cir. 2019) (quoting *United States v. Taylor*, 636 F.3d 461, 464 (8th Cir. 2011)).

Plaintiff's Complaint does not contain sufficient facts for the court to draw a reasonable inference that Officer Allison violated Plaintiff's Fourth Amendment rights by initiating a traffic stop, issuing a citation, placing Plaintiff under arrest, or searching Plaintiff's vehicle. And there are no facts alleged to show that Officer Erickson had any involvement in these activities. The court need not consider at this time whether any plausible state-law tort claim is alleged, because the court would decline to exercise supplemental jurisdiction over such claims if the federal claims are dismissed. *See Reed*, 2021 WL 949612, at *5.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). However, the court on its own motion will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief. Otherwise, this action will be dismissed.

IT IS THEREFORE ORDERED:

1. Plaintiff's claims against Defendant North Platte Police Department are dismissed, and it shall no longer be a party to this action.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: June 7, 2021—amended complaint due.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 6th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge